United States Court of Appeals
Fifth Circuit

**F I L E D**

**July 18, 2005**

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT**

————————

**04-20096
Summary Calendar**

————————

**UNITED STATES OF AMERICA,**

**Plaintiff-Appellee,**

**versus**

**DAVID JOSE HERNANDEZ,**

**Defendant-Appellant.**

————————————————————————————

**Appeal from the United States District Court
for the Southern District of Texas
(4:02-CR-342-1)**

————————————————————————————

Before JONES, BARKSDALE, and PRADO, Circuit Judges.

PER CURIAM:[*]

David Jose Hernandez appeals his sentence, following his jury-trial conviction, for importation of heroin into the United States. *See* 21 U.S.C. §§ 952(a), 960(a), 960(b)(3). The sentence was imposed prior to *United States v. Booker*, 125 S. Ct. 738 (2005) (finding sentencing guidelines only advisory).

He contends first that the district court erred in denying him a two-level reduction in his offense level for acceptance of responsibility. *See* U.S.S.G. § 3E1.1. There is no merit in

———————————

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Hernandez's contention that the pre-*Booker* denial of the reduction penalized him for exercising his right to refrain from incriminating himself on a conspiracy charge pending against him in New York. Section 3E1.1 provides a method to grant leniency to contrite defendants; denial of that leniency is not a penalty for a defendant who has not accepted responsibility for his crime. Hernandez did not accept responsibility for his crime prior to trial. The denial of the reduction was not error. *See **United States v. Angeles-Mendoza***, 407 F.3d 742, 752-53 (5th Cir. 2005) (district court's determination under § 3E1.1 is reviewed with even more deference than is due under clearly erroneous standard).

For the first time on appeal, Hernandez contends the district court erred in imposing a sentence under a mandatory guideline scheme, in violation of **Booker**, 125 S. Ct. at 756-57. Because he did not raise this issue in district court, this claim is reviewed only for plain error. *See **United States v. Valenzuela-Quevedo***, 407 F.3d 728, 733-34 (5th Cir. 2005). Hernandez makes no showing, as required by **Valenzuela-Quevedo**, that the district court would likely have sentenced him differently under an advisory sentencing scheme. Similarly, there is no indication from the district court's remarks at sentencing that it would have reached a different conclusion. Thus, Hernandez has not met his burden of persuasion to show that the district court's imposition of a sentence under a mandatory guideline scheme was reversible plain

2

error.  *See* **id.**; *see also* **United States v. Olano**, 507 U.S. 725, 732-35 (1993).

**AFFIRMED**